UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ROBERT BEVERLY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 08-29-DCR |
| ) | |
| V. ) | |
| ) | |
| MEVA FORMWORK SYSTEMS, INC. ) | |
| and MEVA SCHALUNGS-SYSTEME ) | **MEMORANDUM OPINION** |
| GMBH, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion for summary judgment filed by Defendant MEVA Schalungs-Systeme GmbH ("Meva Schalungs"). [Record No. 94] Meva Schalungs contends – and the Plaintiff concedes – that the warranty claim is not viable due to lack of privity. It also argues that the remaining claims asserts against it are time-barred. Having considered the parties' respective positions, the Court will dismiss all claims against this Defendant.

**I.**

Plaintiff Robert Beverly was severely injured when concrete form manufactured by Meva Schalungs collapsed on top of him on May 15, 2007. Beverly filed this action in the Trimble Circuit Court on May 14, 2008, with Defendant MEVA Formwork Systems ("Meva Formwork") as the only defendant. Meva Formwork then removed the case to this Court on

June 11, 2008. On January 19, 2009, Beverly sought leave of the Court to file an Amended Complaint to add parent company Meva Shalungs as a defendant. [Record No. 31] In addition to owning Meva Formwork, Meva Shalungs authored the instruction manual provided to Beverly's employer regarding use of the concrete forms. The Plaintiff's motion was granted and the Amended Complaint was docketed on February 9, 2009. The Amended Complaint added Meva Schalungs as a defendant and asserted one warranty and three negligence claims.

## II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do

more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id*. However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Id*. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

**III.**

    A.    <u>Breach of Warranty</u>

Meva Schalungs moves for summary judgment with respect to the breach warranty claim based on lack of privity. Beverly concedes that, under Kentucky law, he does not have

sufficient privity with Meva Schalungs to maintain this claim. *See Williams v. Fulmer*, 695 S.W.2d 411 (Ky. 1985); *see also McLain v. Dana Corp.*, 16 S.W.3d 320 (Ky. Ct. App. 1999). Accordingly, count eight will be dismissed with respect to this Defendant.

    B.    <u>Personal Injury Claims</u>

Meva Schalungs also moves for summary judgment regarding counts five, six, and seven, because these claims were asserted after the expiration of the one-year statute of limitations. Both parties agree that these claims are subject to a one-year limitations period that accrues on the date of the injury. *See* K.R.S. § 413.140(1)(a) (2010). It is also undisputed that these claims were not asserted until the filing of the Amended Complaint which occurred after the expiration of the statute of limitations. At issue is whether the claims relate back to the date the original Complaint was filed.[1]

Rule 15(c) of the Federal Rules of Civil Procedure determines when an amended complaint relates back to the time of the original filing. It states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

---

[1] Because the Amended Complaint was filed after removal to this Court, the Federal Rules of Civil Procedure are applicable. *See Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400-401 (6th Cir. 2002).

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c). Beverly misinterprets Rule 15 to require all elements in sections (A), (B), and (C) to be met. [Record No. 101, pp. 3-7] The statute clearly states a pleading relates back to the original date of the original pleading when (A), (B), *or* (C) is met. *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999) (noting that each of the conjunctions connecting the three parts of Rule 15(c) is "or," not "and").

The Sixth Circuit recently determined that the Kentucky legislature has not allowed relation back with respect to the statute of limitations contained in K.R.S. § 413.140(1)(a). *Asher v. Unarco Material Handling, Inc.*, No. 09-5158, 2010 U.S. App. LEXIS 4403, **5-**9 (6th Cir., Mar. 3, 2010). While *Asher* involved new plaintiffs being added through an amended complaint, the Sixth Circuit determined that plaintiffs and defendants should not be treated differently concerning Rule 15(c). *Id.* Thus, Rule 15(c)(1)(A) does not allow relation back in this case. The Sixth Circuit further determined that Rule 15(c)(1)(B) allows relation back of an amendment asserting a "claim or defense," but it does not authorize the relation back of an amendment adding a new party. *Id.* In the present case, a new defendant

was added through the filing of an Amended Complaint. Thus, Rule 15(c)(1)(B) cannot be used to justify relation back to the time of the original filing.

The Court must also consider whether Rule 15(c)(1)(C) applies. Under Rule 15(c)(3), the Amended Complaint will relate back to the filing of the original Complaint if: (1) the claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the new defendant received notice of the claim within 120 days of the original filing date, such that it would not be prejudiced in defending the suit; and (3) within 120 days of the original filing date, the new defendant knew or should have known that the action would have been brought against him but for plaintiff's mistake concerning the identity of the proper party. *Black-Hosang v. Ohio Dept. of Public Safety*, 96 F. App'x 372, 374-375 (6th Cir. 2004); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008). There is no dispute that the additional defendant and claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading. In determining whether a new defendant has notice of a claim, some of the factors to consider include the relationship of the new defendant to the defendant originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant. *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996) (Table). Plaintiff relies solely on the fact that Meva Schalungs is the parent company of the originally named Defendant, Meva Formwork, to reason that Meva Schalungs had notice. However, each entity is being represented by different law firms and the new Defendant, Meva Schalungs, is located in Germany.

Plaintiff also relies on *Travelers Indem. Co.* in support of its argument, but in this Tenth Circuit case the new defendant owned 100% of the capital stock of the originally named defendant, both corporations had the same managers and directors, occupied the same office, the two corporations were closely related, and their activities supplemented one another. *Travelers Indem. Co. v. U.S., for Use of Construction Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967). The Sixth Circuit has recognized that a parent corporation and a subsidiary are separate and distinct entities and that a parent corporation will not be liable for the obligations of its subsidiaries. *Tennessee Valley Authority v. Exxon Nuclear Co., Inc.*, 753 F.2d 493, 497 (6th Cir. 1987). Without more evidence than a parent-subsidiary relationship, this Court has no reason to conclude that Meva Schalungs had notice of Beverly's claim.

Additionally, there is nothing in the record to indicate that the new Defendant knew or should have known that the action would have been brought against him but for the Plaintiff's mistake concerning the identity of the proper party. *Black-Hosang*, 96 F. App'x at 374-375; *Moore*, 267 F. App'x at 455. The Plaintiff contends that the original Complaint listed Meva Formwork as the manufacturer of the formwork that collapsed on him, so the parties should have known Meva Schalungs would become part of the lawsuit. [Record No. 101, p. 6] However, relation back is improper where a plaintiff could have discovered the identity of the correct defendant through due diligence or knew of the defendant but failed to name him within the limitation period. *King v. Nation*, 917 F.2d 1304, 1990 WL 170424, *2 (6th Cir. 1990) (Table). Before the statute of limitation expired, Beverly could have

discovered that Meva Schalungs manufactured the formwork. In fact, Meva Schalungs authored the instruction manual that was provided to Beverly's employer regarding use of the concrete forms, and the evidence shows that the Plaintiff had this instruction manual for approximately five months before the statute of limitation expired. As a result, Beverly has not provided evidence to support its claim that the Amended Complaint should relate back to the original complaint pursuant to FED. R. CIV. P. 15(c). Thus, the personal injury claims against Meva Schalungs will be dismissed as time-barred.

## IV.

Beverly does not have sufficient privity with Meva Schalungs to maintain the breach of warranty claim. Further, Beverly has not demonstrated that the Amended Complaint should relate back to the original complaint pursuant to FED. R. CIV. P. 15(c). Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant MEVA Schalungs-Systeme GmbH's motion for summary judgment [Record No. 94] is **GRANTED**.

2. All claims asserted in this action against Defendant MEVA Schalungs-Systeme GmbH by Plaintiff Robert Beverly are **DISMISSED**, with prejudice.

This 24th day of March, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge