UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ROBERT BEVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEVA FORMWORK SYSTEMS, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion for an apportionment instruction filed by Defendant MEVA Formwork Systems, Inc. ("MEVA") or, in the alternative, for leave to file a third party complaint.  [Record Nos. 77 and 78]  MEVA also filed a motion for this Court to hold a ruling on their motion to file a third party complaint in abeyance. [Record No. 81][1]  MEVA contends that it is entitled to an apportionment instruction against Plaintiff's employer, Becon Construction Company ("Becon"), without asserting a claim against it.  Alternatively, MEVA moves for leave to file a third party complaint against Becon.  Having considered the parties' respective positions, the Court will grant MEVA's motion for an apportionment instruction.

**I.**

_____

[1] These motions [Record Nos. 77, 78, and 81] were filed by Defendants MEVA and MEVA Schalunges-Systeme GmBh ("MEVA Schalungs").  However, all claims against Defendant MEVA Schalunges have been dismissed.

Plaintiff Robert Beverly was severely injured when a concrete form collapsed on top of him on May 15, 2007. Beverly filed this action in Trimble Circuit Court on May 14, 2008, with MEVA listed as the only defendant. Following removal, Beverly sought leave of the Court to file an Amended Complaint to add MEVA Shalungs as a defendant. [Record No. 31] In addition to owning MEVA, MEVA Shalungs authored the instruction manual provided to Beverly's employer, Becon, regarding use of the concrete forms. This Court granted the motion to amend and the Amended Complaint was docketed on February 9, 2009. The Amended Complaint added MEVA Schalungs as a defendant and asserted one warranty and three negligence claims.

By a separate Memorandum Opinion and Order entered this date, this Court granted MEVA Schalungs' motion for summary judgment and dismissed all claims asserted against it as untimely. Becon is not a party to this suit but has provided Plaintiff with workers' compensation benefits. However, the workers' compensation claim has not been settled. MEVA contends that it is entitled to an apportionment jury instruction against Becon because Becon provided workers' compensation benefits to Beverly.

## II.

The Kentucky Revised Statute § 411.182(4) governs the allocation of fault, award of damages, and effect of release in tort actions and products liability claims. K.R.S. § 411.182(4) (2010). This statute states, in relevant part:

> A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons

> liable upon the same claim unless it so provides.  However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section.

K.R.S. § 411.182(4) (2010).  MEVA cites three cases in support of its claim that it is entitled to a jury instruction apportioning fault to Becon.  Beverly attempts unconvincingly to distinguish these cases from the present matter.

In *Dix & Associates Pipeline Contractors, Inc. v. Key*, a plaintiff sued a third party tortfeasor, who in turn filed a third party complaint against the plaintiff's employer.  799 S.W.2d 24 (Ky. 1990).  The plaintiff settled with the third party tortfeasor, but the jury was left to apportion the damages between the third party and the employer.  *Id*.  The Supreme Court of Kentucky stated that, "[a]s a practical matter, workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation."  *Id*. at 29.  The court further found that the apportionment of liability by the jury between the employer and the third party was properly allowed.  *Id*.  Beverly maintains that this case is distinguishable. [Record No. 83, p. 4] More specifically, he asserts that the employer in *Dix* was a third party defendant.  Here, however, the employer is not a party to this suit.  *Id*.  He further reasons that these statements by the Supreme Court of Kentucky are merely dicta.

In *Parrish*, a plaintiff was injured at work and filed a workers' compensation claim and a claim against a third party.  *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 481 (Ky. 2001).  The employer was not a party to the suit but provided workers'

compensation benefits to the plaintiff. *Id.* Quoting *Dix*, the Supreme Court of Kentucky found that the trial court correctly allowed the jury to apportion fault against the employer because the employer was a settling nonparty. *Id.* at 481. It further held that, "a settlement, between an employer and an employee of a claim under the Worker's Compensation Act constitutes a settlement under KRS 411.182(4)." *Id.* Beverly argues that this case also is distinguishable because, in *Parrish*, the workers compensation claim was completely settled prior to trial against the third party. [Record No. 83, pp. 4-5] Here, the worker's compensation claim has not been completely settled. Thus, he asserts that the employer is not a "settled party" that would permit apportionment under K.R.S. § 411.182.

In yet another case, a plaintiff who was injured at work filed a workers' compensation claim as well as a claim against a third party. *Williams v. TLD America Corp*, 2009 WL 3270160 (W.D. Ky. Oct. 9, 2009). In *Williams*, the employer agreed to provide workers' compensation benefits, but the workers' compensation claim was not completely settled prior to trial. *Id.* at *1. However, Judge Heyburn found that a workers' compensation claim did not need to be fully adjudicated for the employer to be treated as a settling tortfeasor for purposes of apportionment. *Id.* Again, Beverly contends that this case was incorrectly decided and should not be followed. [Record No. 83, p. 5] However, his arguments are unconvincing.

After reviewing the above referenced cases, it is obvious that Kentucky law permits an apportionment instruction against an employer who is providing workers' compensation benefits. Here, it is undisputed that Beverly's employer, Becon, is providing workers'

compensation benefits.  Thus, Becon is a settled tortfeasor under K.R.S. § 411.182(4) and MEVA is entitled to an apportionment instruction against Becon.

Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant MEVA Formwork Systems, Inc.'s motion for an apportionment jury instruction [Record No. 77] is **GRANTED**.

2.      Defendant MEVA Formwork Systems, Inc.'s motion for leave to file a third party complaint [Record No. 78] is **DENIED** as moot.

3.      Defendant MEVA Formwork Systems, Inc.'s motion for this Court to hold a ruling on its motion to file a third party complaint in abeyance [Record No. 81] is **DENIED** as moot.

This 24th day of March, 2010.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**