UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ROBERT BEVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEVA FORMWORK SYSTEMS, INC. | ) | |
| and MEVA SCHALUNGS-SYSTEME | ) | **MEMORANDUM OPINION** |
| GMBH, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Robert Beverly has moved for reconsideration of the Court's Memorandum Opinion and Order issued March 24, 2010. [Record No. 126] Beverly contends that the Court should reverse its earlier determination that Defendant MEVA Schalungs-Systeme GmbH ("Meva Schalungs") should be dismissed from this action. However, having considered the parties' respective positions, the Court will deny Beverly's motion.

The motion to reconsider will be construed as a motion to alter or amend a judgment under the Federal Rules of Civil Procedure 59(e). *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997) (*citing Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979)). Such a motion should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Trident Intern. Corp. v. Kentucky*, 395 F.Supp.2d 521, 523 (E.D. Ky. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration is not required, however, when the movant simply wishes to

present evidence that was available prior to the court's decision but was not raised. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (unpublished); *see also Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir.2003) (unpublished) ("Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings."); *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

Beverly's motion to reconsider is predicated on four contentions. Three of these contentions relate to the relationship between Meva Formwork Systems, Inc. ("Meva Formwork") and Meva Schalungs.[1] Beverly presented these same arguments in its motion for leave to file a sur-reply to Meva Schalung's motion for summary judgment. [Record No. 123] This Court previously reviewed Beverly's motion for leave to file a sur-reply and determined that its prior decision granting summary judgment would not be altered by Beverly's arguments. [Record No. 128] Having reviewed these same arguments, the Court is of the same opinion. Repeating a past argument does not justify reconsidering a matter.

In addition to matters previously argued, Beverly asserts as a ground for reconsideration the contention that only Meva Formwork was identified in the instruction manual – not Meva Schalungs. However, this evidence was available prior to the Court's earlier decision. Further, the only way the Amended Complaint would relate back to the filing of the original Complaint is if Meva Schalungs, within 120 days of the original filing date, received notice of the claim and knew or should have known that the action would have been brought against it but for Beverly's mistake concerning the identity of the proper party. *Black-Hosang v. Ohio Dept. of Public Safety*, 96 F.

---

[1] This includes assertions that: (1) both companies were represented by the same counsel prior to the addition of Meva Schalungs as a party; (2) Meva Formwork's employees are trained by Meva Schalungs; and (3) both companies share a website.

App'x 372, 374-375 (6th Cir. 2004); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008). The company listed – or not listed – in the instruction manual does not prove that Meva Schalung was on notice, constructive or actual, of this particular claim. Thus, this additional assertion does not support reconsideration.

Alternatively, Beverly moves for leave to conduct discovery for the limited purpose of determining whether MEVA Schalung had actual or constructive notice of his claim in sufficient time to allow relation back of the Amended Complaint. This Court issued an Order dated December 23, 2009, extending the discovery deadline to January 19, 2010, to allow the parties to take the deposition of their respective liability expert witnesses. [Record No. 85] Otherwise, the Amended Scheduling Order [Record No. 71] allowed the parties to conduct pretrial discovery until December 23, 2009. This case is set for a pretrial conference on June 8, 2010, and trial on June 29, 2010. The time for discovery has ended. Plaintiff has not identified any reason justifying re-opening discover over four months after the expiration of the discovery deadline.

Accordingly, it is hereby

**ORDERED** that Plaintiff Robert Beverly's motion to reconsider [Record No. 132] is **DENIED**.

This 3rd day of May, 2010.



Signed By:

*Danny C. Reeves*

United States District Judge