UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ROBERT BEVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEVA FORMWORK SYSTEMS, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Meva Formwork Systems, Inc. ("Meva") has moved to strike Dr. Warren Bilkey and Dr. Veronica Kavorkian as Plaintiff's proposed expert witnesses. [Record No. 120] Meva asserts that these witnesses were not timely disclosed. Having considered the parties' respective positions, the motion will be granted with respect to Dr. Warren Bilkey, but denied with respect to Dr. Veronica Kavorkian.[1] The discovery deadline will be extended to June 7, 2010, to allow additional discovery, including a deposition, to be conducted with respect to Dr. McKiernan.

**I.**

Federal Rule of Civil Procedure 26(a) requires that a party make expert disclosures at the times and in the sequence that the court orders. FED. R. CIV. P. 26(a)(2)(C). In the present case,

---

[1] Initially, Meva also moved to exclude Dr. McKiernan, but withdrew this motion in its reply if the Court would permit additional discovery, including a deposition, of Dr. McKiernan.

-1-

the Amended Scheduling Order required the parties disclose the identity of expert witnesses no later than September 23, 2009. In addition, the Court required that experts and their written reports used to contradict or rebut evidence under the Federal Rules of Civil Procedure 26(a)(2)(B) be disclosed within 30 days after the other party's disclosure.

Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (*quoting Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999). The advisory committee notes strongly suggest that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 637 (6th Cir. 2007) (*citing Vance*, 1999 WL 455435, at *5). However, inadvertent and small mistakes are excused. *See* FED. R. CIV. P. 37(c)(1), 1993 Amendments, cmt. Subdivision (c). Where testimony would be otherwise admissible, the mere fact that the party seeking its introduction has not fully complied with pretrial orders does not mandate its exclusion. *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 378 (6th Cir. 2008) (*citing Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

Dr. Warren Bilkey was retained as part of Beverly's separate worker's compensation claim to perform an independent medical evaluation. Beverly emphasizes that Dr. Bilkey was not retained as part of this case. Dr. Bilkey's report, dated October 22, 2009, was provided to Beverly by his worker's compensation counsel. On December 21, 2009, Meva was notified of

Dr. Bilkey and his report. There is no indication that Dr. Bilkey will be used to contradict or rebut any evidence. Regardless of the fact that Dr. Bilkey was initially retained as part of Beverly's worker's compensation claim, the issue here is whether he can testify in this case. Beverly admits that while he did not disclose Dr. Bilkey's examination in compliance with the Court's Scheduling Order, such failure is harmless. Beverly claims that there is plenty of time for Meva to depose Dr. Bilkey and find a rebuttal expert. However, the time to disclose experts has ended. This case is set for a pretrial conference on June 8, 2010, and trial on June 29, 2010. The Plaintiff has not identified any reason to justify re-opening expert discover at this late hour. Further, Beverly has not explained why he failed to seek an extension of the expert disclosure deadline when this failure to disclose was discovered on December 21, 2009. Further, Meva should not be required to quickly depose Dr. Bilkey and find a rebuttal expert because *Beverly* failed to comply with the Court's Scheduling Order. Beverly's failure to disclose is neither harmless or substantially justified. Thus, Dr. Bilkey's testimony and expert report will be excluded from trial.

## II.

Dr. Veronica Kavorkian first treated Beverly on April 24, 2009. Beverly first disclosed Dr. Kavorkian on December 21, 2009. Beverly contends that Dr. Kavorkian's testimony regarding his examination and treatment is admissible. [Record No. 130, p. 4] Disclosures under Rule 26(a)(2)(B) are only required from a treating physician if that physician was "retained or specially employed to provide expert testimony." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (citing FED. R. CIV. P. 26(a)(2)(B)). There is no indication that Dr.

Kavorkian was retained or specifically employed to provide expert testimony. If a treating physician is only testifying solely within the scope of his own diagnosis and treatment, no written report or other expert disclosure is required pursuant to Rule 26(a)(2). *See Ridder v. City of Springfield*, 108 F.3d 1377 (Table), 1997 WL 117024, *4 (6th Cir. 1997). While a treating physician is permitted to testify on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment, this does not permit a treating physician to testify to issues beyond those covered in ordinary medical training. *Fielden*, 482 F.3d at 871-872.

While the expert disclosures previously discussed do not apply to a treating physician, both parties must disclose all witnesses at least 30 days before trial. FED. R. CIV. P. 26(a)(3). Here, the subject disclosure was made on December 21, 2009. And again, the Court notes that the trial is scheduled to begin June 29, 2010. Thus, the disclosure was timely. Dr. Kavorkian's testimony regarding his examination and treatment will not be excluded pre-trial.

Accordingly, it is hereby **ORDERED** as follows:

(1) Defendant Meva Formwork Systems, Inc.'s motion strike Dr. Warren Bilkey as an expert witness during the upcoming trial of this action [Record No. 120] is **GRANTED**.

(2) Defendant Meva Formwork Systems, Inc.'s motion strike Dr. Veronica Kavorkian as an expert witness during the upcoming trial of this action [Record No. 120] is **DENIED**.

(2) The discovery deadline shall be extended to June 7, 2010, to allow for additional discovery, including a deposition, with respect to Dr. McKiernan.

This 4th day of May, 2010.



Signed By:
**_Danny C. Reeves_** DCR
United States District Judge