UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ROBERT BEVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEVA FORMWORK SYSTEMS, Inc., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Meva Formwork Systems, Inc. ("Meva")[1] has moved *in limine* to exclude the legal conclusions contained on pages twelve and thirteen of the CSHO/Optional Report #: S0124-031-07 ("OSHA Report"). [Record No. 93] Having considered the parties' respective positions, the Court will grant the motion to exclude.

Beverly was severely injured while working for Becon Construction Company ("Becon") when a concrete form supplied by Meva collapsed on top of him on May 15, 2007. The incident was reported to the Kentucky Occupational Safety and Health Program ("OSHA") and an inspection was conducted. As part of this inspection, numerous interviews were conducted of several Becon employees and an employee of Meva, Robert Herndon. After completing the inspection, OSHA issued the OSHA Report. Ultimately, Becon was not cited.

---

[1] Defendant MEVA Schalungs-Systeme GmbH joined in this motion but was dismissed from the case on March 24, 2010.

Meva seeks to exclude the following section of the OSHA Report:

There is no specific Kentucky OSH Construction standard that covers the hazard involved with this accident. To issue a citation, this inspector has to look at KRS 338.031(1)(a) which states 'Each employer shall furnish to each of his employees a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees'. (*sic*) **The first element states 'the employer failed to keep the workplace free of a hazard to which the employees of that employer were exposed'.** (*sic*) In this case, the hazard was the elevated inclined form and working underneath the form was the exposure. **The second element states, 'The hazard was causing or was likely to cause death or serious physical harm'.** (*sic*) This element applies to the accident since the employee was seriously injured when the form fell. A third element states **'There was a feasible and useful method to correct the hazard'.** (*sic*) The feasible and useful method to abate this hazard was to insert a concrete block beneath the forms so that they cannot fall.

**The fourth element states that the hazard must be recognized. Recognition of a hazard can be established on the basis of industry recognition, employer recognition, or common sense recognition. The use of common sense as the basis for establishing recognition shall be limited to special circumstances. Recognition of the hazard must be supported by satisfactory evidence.** Neither employees nor managers appeared to recognize the hazard involved when attaching embeds to inclined forms with only scaffold brackets holding up the forms. . . . This inspector cannot find satisfactory evidence of the fourth element that states the hazard must be recognized. Prior to the accident there did not appear to be a recognition of the hazard with the procedure. For this reason a general duty violation can not be sustained. No other apparent violations were observed during the inspection. No citations are recommended in this case.

OSHA Report, pp. 12-13 (emphasis included in original). Meva contends that this section of the OSHA report contains legal conclusions that are irrelevant and unfairly prejudicial.[2]

The Federal Rules of Evidence prohibit the admission of evidence which is not relevant. FED. R. EVID. 402. However, there is a low threshold for relevance. Evidence is generally

---

[2] In the introduction section of its memorandum, Meva mentioned that the OSHA Report lacked the trustworthiness required to be admissible. However, it failed to provide any argument related to this assertion.

admissible if it has "any tendency to make the existence of any [relevant] fact . . . more probable or less probable." *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, Nos. 08-1332, 08-1420, 2009 WL 4927957, *8 (6th Cir. Dec. 22, 2009) (*quoting* Fed. R. Evid. 401). Further, even if evidence is relevant, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. All evidence introduced by one party generates some prejudice against the opposing party. *United States v. Culbertson*, No. 08-5627, 2010 WL 623632, *1 (6th Cir. Feb. 22, 2010) (*citing United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)). The Court must determine whether the evidence tends to suggest a decision on an improper basis. *Id.* One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof. *United States v. Jenkins*, 593 F.3d 480, 485-486 (6th Cir. 2010) (*citing United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996)).

Meva argues that the OSHA inspection was conducted to determine if there was sufficient evidence to issue a citation against Becon for violating the applicable OSHA standards. Meva maintains that whether Becon violated OSHA standards is of no consequence to this case. Instead, the issue here is whether Meva acted negligently in a way that contributed to Beverly's injuries. Meva points out that a juror may not appreciate that the standard applied by the inspector is different than the standard applied in a negligence case. According to Meva, this could mislead the jury or be unfairly prejudicial.

Beverly counters that the inspector's conclusions have an effect on the probability of whether Meva was negligent. Specifically, Beverly asserts that the OSHA Report might lead

to the inference that a duty of care existed (*e.g.*, the second element), that a duty of care was breached (*e.g.*, the third element), or that one party was more likely than another to have committed the breach (*e.g.*, the fourth element). Beverly also notes that both parties provided the OSHA Report to their respective experts. Beverly contends that if this report is excluded, he would be "hamstrung in his efforts to refute [the testimony of Meva's expert]." [Record No. 100, p. 8]

The connection between the OSHA Report and the elements of negligence is unclear. Beverly fails to show how the OSHA Report relates to any of the elements of negligence. And the Court cannot determine how the OSHA Report would lead to an inference that a duty of care was breached or that Meva was more likely to have committed this beach. Given the different standard applied to negligence cases versus the standard applied in determining whether an OSHA standard was violated, the Court concludes that admission of the challenged portion of the report would likely confuse jurors. The Court further concludes that introduction of the challenged part of the report would be irrelevant and unfairly prejudicial. Accordingly, it is hereby

**ORDERED** that Meva Formwork Systems, Inc.'s motion to exclude the legal conclusions contained in the CSHO/Optional Report #: S0124-031-07 [Record No. 93] is **GRANTED**.

This 11th day of May, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge