UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ROBERT BEVERLY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3: 08-29-DCR |
| | ) |
| V. | ) |
| | ) |
| MEVA FORMWORK SYSTEMS, INC., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant MEVA Formwork Systems, Inc. ("MEVA Formwork") has filed a Motion In Limine to Exclude Testimony of Michael C. Wright and Certain Exhibits Regarding the MEVA Technical Instruction Manual. [Record No. 139] MEVA Formwork argues that this evidence is irrelevant and, therefore, inadmissible at trial. However, the Court concludes that evidence regarding the technical instruction manual is relevant to the plaintiff's claims of negligent training and instruction and failure to warn, as well as for purposes of allocating fault as required under Kentucky law. Therefore, the motion *in limine* will be denied.

**I.     Background**

Plaintiff Robert Beverly was injured by a concrete form while working on a construction site for his employer, Becon Construction Company, Inc. ("Becon"). The form was supplied by MEVA Formwork and manufactured by MEVA Formwork's parent company, MEVA Schalungs-Systeme GmbH ("MEVA Schalungs"). MEVA Formwork provided a technical

-1-

instruction manual to Becon employees. That manual, which is the subject of the Defendant's *in limine* motion, was prepared by MEVA Schalungs.

Beverly originally sued only MEVA Formwork, asserting claims of negligent training and instruction, failure to warn, strict liability, and breach of warranty. [*See* Record No. 1-2] He later was granted leave to amend his complaint by adding MEVA Schalungs as a defendant. [Record No. 37] In his First Amended Complaint, Beverly incorporated by reference the original four counts against MEVA Formwork and added four identical claims — *i.e.*, negligent training and instruction, failure to warn, strict liability, and breach of warranty — against MEVA Schalungs. [Record No. 38, p. 3-5] However, the Court granted MEVA Schalungs' subsequent motion for summary judgment after finding that the first three claims were barred by the statute of limitations and that Beverly had insufficient privity with MEVA Schalungs to maintain the breach of warranty claim. [Record No. 126] Thus, all of Beverly's claims against MEVA Schalungs have been dismissed. [*Id.*]

Through the present motion, MEVA Formwork seeks to prevent Beverly from mentioning or introducing into evidence "any purported expert opinion of Michael C. Wright to the effect that the MEVA Technical Instruction Manual was deficient in any manner and any portion of Michael C. Wright's file relating to instruction manuals," as well as any related exhibits.[1] [Record No. 139, p. 1] MEVA Formwork maintains that this evidence should be

---

1      MEVA Formwork does not challenge the proposed opinion testimony on the ground that it is improper under Federal Rule of Evidence 702. However, it is worth noting that Beverly, in his opposition to the motion *in limine*, argues that the evidence MEVA Formwork seeks to exclude would not be confusing to the jury because "*any lay juror* will be able to decide who has responsibility for the instruction manual, whether the Defendant adopted and/or ratified the instruction manual, whether the Defendant was negligent in providing instructions, and/or whether the Defendant is liable for failing to warn Plaintiff about the risks attendant to the forms." [Record No. 143, p. 8 (emphasis added)] If this is in fact the case, then Wright's

excluded because the author of the instruction manual, MEVA Schalungs, is no longer a defendant in the case.

**II.     Analysis**

MEVA Formwork argues that because MEVA Schalungs was the author of the technical instruction manual and all claims against MEVA Schalungs have been dismissed, any mention of the manual at trial would be irrelevant, unfairly prejudicial, and confusing to the jury. [Record No. 139-1, p. 3] According to MEVA Formwork, "the Plaintiff's claims based on the manual have been directed solely against MEVA Schalungs." [*Id.*] However, evidence regarding the manual is relevant and admissible for two reasons. First, the manual is probative as to Beverly's claims against MEVA Formwork of negligent instruction and training and failure to warn. Second, although MEVA Schalungs is no longer a defendant in the case, under Kentucky law, fault may still be apportioned to it.

**A.     Negligent Instruction and Training**

As noted above, the claims asserted against MEVA Schalungs were identical to Beverly's claims against MEVA Formwork. While the First Amended Complaint specifically identified MEVA Schalungs as the author of the manual [Record No. 38, p. 2], the dismissed claims contained no mention of the manual. Moreover, in the factual statement of the First Amended Complaint, Beverly alleged that "a representative of Defendant MEVA Formwork Systems, Inc. provided instruction manual(s) authored by MEVA Schalung[s]-Systeme GmbH to employees

---

proposed testimony regarding the sufficiency of the manual would appear to be unnecessary, since opinion testimony is meant to assist jurors in understanding matters that are beyond their own ordinary knowledge. *See* Fed. R. Evid. 702.

of Bechtel and/or Becon that set forth instruction on how to use the concrete forms manufactured by Defendant MEVA Schalungs-Systeme GmbH and supplied by Defendant MEVA Formwork Systems, Inc." [*Id.*] MEVA Formwork admits that its representative provided a technical instruction manual to Becon employees. [Record No. 55, p. 2, ¶ 7]

Since Beverly claims that MEVA Formwork was negligent in its training and instruction of Becon employees and a MEVA Formwork representative provided the manual as part of the allegedly negligent instruction, the sufficiency of the manual is relevant to the negligent-instruction claim against MEVA Formwork, regardless of who actually prepared it. As Beverly points out, by providing the manual to Becon employees, MEVA Formwork arguably adopted its contents. [Record No. 143, p. 8] Beverly further notes by analogy that "'one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.'"[2] [*Id.* (quoting Restatement (Second) of Torts § 400 (1964))] In short, if MEVA Formwork adopted the manual and provided it to Becon employees as part of the instruction and training Beverly alleges were negligent, the contents and sufficiency of the

---

2   MEVA Formwork's characterization of Kentucky law as "insulat[ing] distributor's [sic] from liability" is inaccurate. The Kentucky statute cited in MEVA Formwork's reply, KRS § 411.340, provides that product suppliers are not liable for damages arising solely from the distribution or sale of such product when the manufacturer is known and subject to the court's jurisdiction, except in cases where the supplier breached an express warranty or knew or should have known that the product was defective and unreasonably dangerous. While KRS § 411.340 does seem to limit the Restatement rule cited by Beverly, it does not completely contradict that rule, as MEVA Formwork suggests. The statute and the Restatement rule do not apply to exactly the same situations: KRS § 411.340 is meant to protect innocent middlemen who are selling someone else's products, whereas the Restatement rule applies where the product was put out under the defendant's name — which, given that Beverly originally sued only MEVA Formwork (identifying it as the manufacturer of the allegedly defective product), is likely the case here. Furthermore, KRS § 411.340 has been interpreted as merely providing a defense for retailers under certain circumstances; the general rule holding manufacturers *and* distributors strictly liable for defective products remains in effect in Kentucky. *See Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50 (Ky. Ct. App. 1999). Indeed, without this rule, Beverly would have no strict liability claim against MEVA Formwork, since MEVA Schalungs was the manufacturer of the concrete form that injured him.

manual are relevant, notwithstanding the fact that it was prepared by an entity that is no longer a party to this action.

### B. Allocation of Fault (KRS § 411.182)

Evidence regarding the sufficiency of the manual is also relevant because although the claims against MEVA Schalungs were dismissed, the company may still be found at fault. Kentucky law mandates apportionment of fault "[i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action." KRS § 411.182. This Court has previously observed that under KRS § 411.182, "apportionment is required with respect to any 'party, a dismissed party, or settling nonparty' who is found to be at fault." *Asher v. Unarco Material Handling, Inc.*, No. 6: 06-548-DCR, 2008 U.S. Dist. LEXIS 46655, at *8 (E.D. Ky. June 14, 2008) (quoting *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 472 n.4 (Ky. Ct. App. 1994)). Thus, the fact that MEVA Schalungs was granted summary judgment on all claims against it does not mean it cannot be apportioned fault. *See Boland-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 687 (Ky. 2009) ("An apportionment instruction is required where there has been an active assertion of a claim against joint tortfeasors even when one of the defendants is not a party at the time of the trial." (citing *Floyd v. Carlisle Constr. Co.*, 758 S.W.2d 430, 432 (Ky. 1988))). While in some cases dismissal by summary judgment may preclude apportionment, *see id.*, a party dismissed based on expiration of the statute of limitations can avoid liability but not allocation of fault. *See Morgan v. Scott*, 291 S.W.3d 622, 634 (Ky. 2009) (discussing *Prudential Life Ins. Co. v. Moody*, 696 S.W.2d 503 (Ky. 1985)). Thus, evidence regarding the sufficiency of the manual is clearly relevant for purposes of

apportioning fault to MEVA Schalungs. Moreover, because the jury will be required to determine MEVA Schalungs' level of culpability, evidence suggesting that the manual was deficient would not be unfairly prejudicial to MEVA Formwork or confusing to the jury.[3]

### III. Conclusion

Evidence regarding the technical instruction manual is relevant to Beverly's claims of negligent instruction and training and failure to warn. Furthermore, because such evidence is also relevant for purposes of apportioning fault as required by KRS § 411.182, it would not be unfairly prejudicial or confusing. Accordingly, it is hereby

**ORDERED** that MEVA Formwork's Motion in Limine to Exclude Testimony of Michael C. Wright and Certain Exhibits Regarding the MEVA Technical Instruction Manual [Record No. 139] is **DENIED**.

This 7th day of June, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

3 If anything, evidence showing that MEVA Schalungs wrote a deficient instruction manual should benefit MEVA Formwork, as it would presumably decrease the percentage of fault apportioned to MEVA Formwork.